Submitted August 2, reversed and remanded October 9, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENT ALLEN PROVOST,
*Defendant-Appellant.*

Lane County Circuit Court
201122980; A150651

311 P3d 992

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for respondent.

Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of various crimes arising from a domestic dispute, and he was placed on probation. His conditions of probation required him to refrain from contacting the victim and to abstain from drug use. Two probation officers subsequently observed defendant at the victim's home and arrested him. While transporting him to jail, they asked defendant whether a urinalysis at the jail would come back clean, to which defendant responded, "[I]t would come back dirty for meth." At a hearing to show cause why his probation should not be revoked, defendant moved to suppress evidence of his statement regarding the urinalysis, on the ground that the probation officers had interrogated him in custody without first providing *Miranda* warnings. The trial court denied the motion to suppress, considered the evidence, and ultimately revoked defendant's probation.

Defendant now appeals the judgment revoking his probation, again arguing that his statements to police should have been suppressed because of the lack of *Miranda* warnings. He acknowledges that, apart from his statements, the trial court could have revoked his probation based on his contact with the victim. However, defendant argues that the trial court did not explain the basis for its revocation, so we cannot say that the error was harmless. The state, in response, concedes that the trial court erred in denying the motion to suppress and, further, that the error requires a remand in light of the trial court's failure to identify the basis for its revocation.

We agree with the parties on both counts. At the time he was questioned by government officials, defendant had been arrested for actions that could result in criminal prosecution. Because defendant did not receive *Miranda* warnings before the interrogation, the trial court erred in denying the motion to suppress. We cannot say that the error was harmless in this case, so we reverse and remand the judgment revoking defendant's probation.

Reversed and remanded.